**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

February 7, 2023

**By email**

The Honorable Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   *United States v. Abdullah At Taqi*, 22 CR 553 (ENV)

Dear Judge Merkl:

Abdullah At Taqi, by his attorney, Michael K. Schneider, respectfully requests that this Court release him on a bond pursuant to the Bail Reform Act ("BRA"), 18 U.S.C. § 3142 and *United States v. Salerno*, 481 U.S. 739 (1987). Mr. At Taqi proposes that he be released on a $500,000 bond, fully secured by the home in which he and his family reside, with conditions to include electronically monitored home detention.[1] The proposed bond, Mr. At Taqi's lifelong ties to New York City, and his spotless background rebut any presumption of detention that applies under 18 U.S.C. § 3142(e)(3)(C).

I.     **Mr. At Taqi Should Be Released on Bond with Conditions.**

This Court should release Mr. At Taqi on the proposed bond with conditions. In this case, the statute creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(e)(3). The presumption inquiry proceeds in two steps. At Step 1, this Court must consider whether the defense has met the very low burden of

---

[1]     At his initial appearance before Magistrate Judge Cheryl Pollak on December 14, 2022, the day of his arrest, Mr. At Taqi asked to be released on a $250,000 unsecured bond. *See* Tr. of arraignment on December 14, 2022 at 15 (attached as Exhibit A). He now asks to be released on a bond secured by his family home, owned by his mother and father, who hold approximately $650,000 of equity in the home. The substantial difference in the proposed bail addresses Judge Pollak's finding that an unsecured bond did not "overcome that presumption of a risk of flight." *Id.*

production to rebut the presumption. As set forth below, Mr. At Taqi has presented evidence that rebuts the presumption. At Step 2, this Court must consider the presumption alongside all of the other § 3142(g) factors—even if the presumption has not been rebutted. Release is warranted in this case because there are numerous facts under § 3142(g) that both rebut the presumption of detention and demonstrate that there are conditions of release that will reasonably assure both Mr. At Taqi's appearance in court and the safety of the community.

As the Supreme Court held in *Salerno*, "In our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." 481 U.S. at 755. This presumption of release is encapsulated in the BRA, 18 U.S.C. § 3142. The statute states that the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Even if the Court determines under § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further condition[s]" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); *see also United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

## II. Case Law Emphasizes Two Checks That the BRA and the Constitution Impose on the Presumption of Detention.

Case law has established two checks that the BRA and the Constitution impose on the presumption: (1) there is an easy-to-meet standard for rebutting the presumption and the prosecution always bears the burden of persuasion, and (2) the presumption alone does not warrant detention and must always be weighed along with other factors in § 3142(g).[2] In addition, it is impermissible to detain a defendant in a presumption case based solely on the nature of the crime charged or the weight of the evidence.

### A. Step 1: The Presumption is Easily Rebutted.

Under the law, very little is required for a defendant to rebut the presumption of detention and therefore judges should find the presumption rebutted in most cases. To rebut the presumption, a defendant simply needs to produce "some evidence that he will not flee or endanger the community if released." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986); *see also United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990) ("[T]o rebut the presumption, the defendant must produce some evidence."); *United States v. Gamble*, No. 20-3009, 2020 U.S. App. LEXIS 11558 at *1–2 (D.C. Cir. Apr. 10, 2020) (holding that "[t]he district court erred in concluding that appellant failed to meet his burden of production to rebut the statutory presumption" regarding dangerousness because "appellant did 'offer some credible evidence contrary to the statutory presumption,'" including information that he had a job offer)

---

[2] Alison Siegler, *Freedom Denied: How the Culture of Detention Created a Federal Jailing Crisis* 151 (2022), https://freedomdenied.law.uchicago.edu/.

(unpublished) (quoting *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985)).

This "burden of production is not a heavy one to meet." *Dominguez*, 783 F.2d at 707; *see also United States v. Wilks*, 15 F.4th 842, 846–47 (7th Cir. 2021) (explaining that the defense bears "a light burden of production" to rebut the presumption, "but the burden of persuasion always rests with the government"). Indeed, the presumption of detention is rebutted by "*[a]ny evidence* favorable to a defendant that comes within a category listed in § 3142(g) . . . including evidence of their marital, family and employment status, ties to and role in the community . . . and other types of evidence encompassed in § 3142(g)(3)." *Dominguez*, 783 F.2d at 707 (emphasis added); *Jessup*, 757 F.2d at 384. Any "evidence of economic and social stability" can rebut the presumption. *Dominguez*, 783 F.2d at 707.

Notably, a defendant's ties to the community—standing alone—definitively rebut the presumption: "Where the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, as did [this defendant], the presumption contained in § 3142(e) has been rebutted." *United States v. Jackson*, 845 F.2d 1262, 1266 (5th Cir. 1988). As long as a defendant "come[s] forward with some evidence" pursuant to § 3142(g), the presumption of flight risk and dangerousness is definitively rebutted. *Dominguez*, 783 F.2d at 707 ("Any evidence favorable to a defendant that comes within a category listed in § 3142(g) can affect the operation of one or both of the presumptions . . . Once this burden of production is met, the presumption is 'rebutted.'" (quoting *Jessup*, 757 F.2d at 384)); *see also O'Brien*, 895 F.2d at 816 (finding presumption of flight risk rebutted by evidence of effectiveness of electronic monitoring ankle bracelet together with posting of defendant's home).[3] Importantly, the government bears the burden of *persuasion* at all times. *Dominguez*, 783 U.S. at 707; *Jessup*, 757 F.2d at 384; *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985).

In *Dominguez*, for example, the Seventh Circuit determined that the defendants had sufficiently rebutted the presumption of detention by introducing fairly minimal evidence about their employment and family ties. 783 F.2d at 707. Both defendants were Cuban immigrants who were not U.S. citizens but had been in the country lawfully for five years, and neither had a criminal record. *Id.* One of the defendants was married and had family members in the United States; both were employed. *Id.* These facts alone were sufficient for the Seventh Circuit to find that defendants had rebutted the presumption. *Id.*

### B. Step 2: The Presumption Alone is Not Sufficient to Warrant Detention and Must Be Weighed Along with the § 3142(g) Factors.

After the presumption is rebutted, the Court must weigh the presumption against all of the other evidence about the defendant's history and characteristics that tilts the scale in favor of release. *See Dominguez*, 783 F.2d at 707 ("[T]he rebutted presumption is not erased. Instead,

---

[3] To rebut the presumption of flight risk, for example, a defendant does not "have to *prove* that he would not flee—*i.e.*, he would [not] have to *persuade* the judicial officer on the point. [Instead], he would only have to introduce a certain amount of evidence contrary to the presumed fact." *Jessup*, 757 F.2d at 380– 81; *accord Dominguez*, 783 F.2d at 707.

it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."); *Jessup*, 757 F.2d at 384 (holding that the judge should consider the rebutted presumption along with the § 3142(g) factors). The Court should not give the presumption undue weight if evidence relating to other § 3142(g) factors supports release.

### C. Forbidden Considerations in a Presumption Case

A judge may not detain a defendant in a presumption case based solely on: (1) an unrebutted presumption alone, (2) evidence of the defendant's past dangerousness, (3) the nature and seriousness of the crime charged, or (4) the weight of the evidence of the person's guilt.

First, the defendant never bears the burden of persuasion—even if the presumption is unrebutted. It is not incumbent on the defendant to "persuade the judge that there exist conditions of release that will reasonably assure the safety of the community."[4] That burden of persuasion lies with the government, the standard of which is always clear and convincing evidence. *Wilks*, 15 F.4th at 846–47 ("[T]he burden of persuasion always rests with the government and an unrebutted presumption is not, by itself, an adequate reason to order detention.").

Second, even if the presumption is not rebutted, a judge is prohibited from detaining a defendant "based on evidence that he has been a danger in the past[.]" *Dominguez*, 783 F.2d at 707. Instead, past dangerous conduct is relevant only to the extent that the government can prove—by clear and convincing evidence—that the defendant is "likely to continue to engage in criminal conduct undeterred [ ] by . . . release conditions." *Id.* Even when a defendant is charged with a serious crime, there are often release conditions that will reasonably assure the safety of the community.

Third, to rebut the presumption of dangerousness, a defendant need not "demonstrate that narcotics trafficking [or another serious crime] is not dangerous to the community." *Id.* at 706. Instead, this Court must analyze the defendant's individual characteristics under § 3142(g).

Fourth, the Court is forbidden from relying solely on the weight of the evidence of guilt to detain a defendant in a presumption case. A defendant is not required to "'rebut' the government's showing of probable cause to believe that he is guilty of the crimes charged." *Id.* This makes sense—a person's likelihood of guilt is analytically distinct from whether there are conditions of release that will reasonably assure the person's appearance or the safety of the community.

### III. The Presumption of Detention Is Rebutted in This Case.

As detailed below, there is much more than "some evidence that [Mr. At Taqi] will not flee or endanger the community if released." *Dominguez*, 783 F.2d at 707. This Court should

---

[4]    Siegler, *supra* note 2, at 156.

give the presumption of detention "the low weight to which it is assigned by case law."[5] Mr. At Taqi's lengthy and strong ties to both New York City and his family, his lack of any prior criminal history, and the proposed bond and conditions of release rebut the presumption in this case and reasonably assure Mr. At Taqi's appearance in court and the safety of the community.[6]

Though born in Bangladesh, Mr. At Taqi immigrated with his family to the United States when still an infant. He is now 23 years old. He is a citizen of the United States and has lived in New York City for his entire life, except for four years when his father was an active-duty soldier stationed at Ft. Carson, Colorado. For the last decade, he has lived with his parents and brother at their home in East Elmhurst, Queens. Since immigrating to the United States, Mr. At Taqi has traveled outside the country only once; in 2013 he and his brother and parents visited family in Bangladesh.

Mr. At Taqi's deep roots in New York include his education at New York City public schools. He graduated from Stuyvesant High School in 2017 after attending PS 212 and IS 230. He later graduated from Hunter College in 2021 with a bachelor's degree. He has lived with his parents for his entire life, the last eleven years at the address in East Elmhurst that is proposed as security for the bond. Mr. At Taqi has no prior criminal history and indeed has never even been arrested before. He was employed as a software tester when arrested by agents last month and earned about $3,000 monthly.

Mr. At Taqi's father, Abdullah Al Mamun, is a veteran of the U.S. Army who served four years on active duty. He was honorably discharged in 2005. Presently, he is employed as an engineer by the Metropolitan Transportation Authority, where he earns approximately $115,000 annually. He is willing to post the house where he lives with his wife and two sons to secure the bond. The home is valued at approximately $1,000,000 and Mr. Mamun's mortgage presently has a balance of approximately $350,000. Mr. Mamun is also willing to act as the designated custodian of his son, should he be released. *See* 18 U.S.C. § 3142(c)(B)(i). Mr. At Taqi's mother, Rounak Jahan, is also willing to sign the bond, though she does not work outside the home. She would, however, be home with Mr. At Taqi at most times should he be released and thus able to monitor his compliance with bond conditions. Mr. At Taqi's uncle, Mohamed Hossain, works for the New York City Department of Environmental Protection, earning approximately $115,000 per year and is also willing to co-sign the bond.

The foregoing facts definitively rebut the presumption of detention in this case.

### IV.   Mr. At Taqi Must Be Released Because There are Conditions That Will Reasonably Assure Appearance and Safety.

Regardless of whether this Court finds that the presumption of detention is rebutted, Mr. At Taqi must be released because there are conditions that will reasonably assure the safety of the

---

[5]   Siegler, *supra* note 2, at 146.

[6]   The facts underlying this application are based on the Pretrial Services Report, dated December 14, 2022 and conversations with Mr. At Taqi and his parents.

community and his appearance in court. The presumption of detention, on its own, is insufficient to justify detention. *Wilks*, 15 F.4th at 847 ("[A]n unrebutted presumption is not, by itself, an adequate reason to order detention."); *Jackson*, 845 F.2d at 1266 (concluding that if the presumption alone could justify detention, "there would be no need for Congress to have specified 'the weight of the evidence against the person' as a separate factor for the court to consider"). The BRA requires courts to weigh all the § 3142(g) factors in every case, even when the presumption has not been rebutted. *Wilks*, 15 F.4th at 847.[7]

A defendant cannot be detained "unless a finding is made that no release conditions '*will* reasonably assure . . . the safety of the community'" and the defendant's appearance in court. *Dominguez*, 783 F.2d at 707 (quoting § 3142(e)). Here, the government has not carried its high burden of proving by clear and convincing evidence that there are *no* release conditions that will reasonably assure the safety of the community. *See id.* at 708 n.8. The government also has not proved by a preponderance of the evidence that there are no conditions that would reasonably assure Mr. At Taqi's appearance in court. Thus, he cannot be detained.

Nothing about the charges themselves require detention. In fact, Mr. At Taqi's codefendant, Seema Rahman, was released at the initial appearance on a $500,000 secured bond. *See* Ex. A at 23. As the government acknowledged in its letter in support of detention, Ms. Rahman is alleged to have sent nearly three times as much money to Facilitator-1 as Mr. At Taqi. (Dkt. No. 4 at 10-11.) The government also concedes that the evidence against Ms. Rahman is stronger than that against Mr. At Taqi. *Compare* Dkt. No. 4 at 10, 14 (Describing the case against Ms. Rahman as "overwhelming" and the case against Mr. At Taqi as "substantial.")

Considering the foregoing, the following conditions of release under § 3142(c)(1)(B), and any other conditions the Court deems necessary, will reasonably assure appearance in court and the safety of the community:

- Mr. At Taqi's father and mother will execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, as is reasonably necessary to assure the appearance of the person as required; (xi)
- Place Mr. At Taqi in custody of third-party custodian (his father), "who agrees to assume supervision and to report any violation of a release condition to the court;" (i)
- Maintain or actively seek employment; (ii)
- Maintain or commence an educational program; (iii)
- Follow restrictions on "personal associations, place of abode, or travel;" (iv)
- Electronically monitored home detention; (xiv)

---

[7] S. REP. NO. 98-225, at 23, as reprinted in 1984 U.S.C.C.A.N. at 3206 ("Subsection (g) enumerates factors that are to be considered by the judicial officer in determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person and the community. Since this determination is made whenever *a person is to be released or detained under this chapter, consideration of these factors is required* . . . a court is expected to weigh all the factors in the case before making its decision as to risk of flight and danger to the community.")(emphasis added).

- Pretrial Services may inspect any computer or devices with internet access used by Mr. At Taqi and install monitoring software as appropriate; (xiv)
- Mr. At Taqi may not use a computer or access the internet except as necessary for employment or educational purposes; (xiv) and
- Mr. At Taqi will surrender his passport.

Because the proposed conditions of release will reasonably assure Mr. At Taqi's appearance in court and the safety of the community, he should be released.

### V.     Conclusion

For these reasons, Abdullah At Taqi respectfully requests that this Court find that the presumption has been rebutted and release him with the conditions stated above.

Thank you for your attention to this matter.

Respectfully submitted,

/s/

Michael K. Schneider, Esq.

cc:   Clerk of the Court (by ECF)
      AUSA Nina Gupta (by ECF and email)
      AUSA Ian Richardson (by ECF and email)
      AUSA Douglas Pravda (by ECF and email)