# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

_____

Tamara L. Giwa                                                    Michelle A. Gelernt
*Executive Director*                                             *Attorney-in-Charge*

August 24, 2025

**By ECF**

The Honorable Eric N. Vitaliano
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn New York 11201

**United States v. Hashimi et al., 22 CR 553 (ENV)**

Dear Judge Vitaliano:

Abdullah At Taqi respectfully submits the following motions *in limine*. For the reasons discussed below, Mr. At Taqi's *in limine* motions should be granted.

## DISCUSSION

Mr. At Taqi is charged with conspiracy and attempt to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1) and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Specifically, the government charges that, between July 2020 and December 2022, Mr. At Taqi, along with others, conspired and attempted to provide material support in the form of money and cryptocurrency to the Islamic State of Iraq and al-Sham ("ISIS"). The following evidence should be excluded from his trial on these charges.

### A. The 2015 Handwritten Note Law Enforcement Purportedly Found When Arresting Mr. At Taqi in 2022 Should Be Excluded from Trial for Several Independent Reasons

On December 14, 2022, Mr. At Taqi was arrested and his residence searched. The government contends that "[a]t At Taqi's residence, law enforcement also located a handwritten note regarding a list of items the defendant needed to make 'hijra' which refers to migration to an ISIS territory. The note was dated November 19, 2015, which was only a few days after ISIS committed a series of attacks in Paris, on November 14, 2025." Govt. Memorandum of Law in Opposition to Defendants' Motions for Severance [ECF Doc. No. 107] at 8. The 2015 Note should be excluded from trial for three independent reasons: (i) it is irrelevant; (ii) its probative value, if any, is substantially outweighed by the danger of unfair prejudice and confusion of the issues; and (iii) it constitutes inadmissible hearsay.

First, the 2015 Note should be excluded because it is irrelevant. Only relevant evidence is admissible at trial, and the government cannot meet its burden of showing the 2015 Note's relevancy. *See* Federal Rule of Evidence ("FRE") 402. To begin, the government merely assumes the 2015 Note is in Mr. At Taqi's handwriting. Even assuming the handwriting is his, the note

involves moving to ISIS territory, but Mr. At Taqi is charged with providing material support to ISIS by providing funds, not by providing himself. Nor is a 2015 Note relevant to charged actions that began five years later, in 2020. Given these circumstances, the 2015 Note does not have a "tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence" and it is therefore irrelevant under FRE 401.

Second, the 2015 Note should be excluded because it fails FRE 403's balancing test. That rule provides that the Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury." FRE 403. It is well-settled that the Court is "accorded 'wide latitude' in excluding evidence that poses an undue risk of 'harassment, prejudice [or] confusion of the issues,' or evidence that is 'repetitive or only marginally relevant.'" *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996) (citing *United States v. Blum*, 62 F.3d 63, 67 (2d Cir. 1995)). The proffered evidence is inadmissible under Rule 403 as the prejudicial impact the 2015 Note will have on the jury, and the likelihood that the jury will become confused or be misled, far outweighs its non-existent (or, at best, marginal) relevance. This is particularly true given that the government apparently intends to use the 2015 Note to draw an entirely speculative line from it to Mr. At Taqi's supposed approval or endorsement of the Paris attacks.[1]

While the government may self-servingly contend that the contents of the 2015 Note are not particularly shocking, unfairly prejudicial evidence is not confined to "sensational" or "disturbing" evidence which elicits an emotional response (although tying the 2015 Note to the Paris attacks certainly does that), but to any evidence which has "an undue tendency to suggest decision on an improper basis." *U.S. v. Peters*, 791 F.2d 1270, 1294 (7th Cir. 1986). Here, if the jury is given the opportunity to associate Mr. At Taqi with the Paris attacks, it exposes him to the danger that, irrespective of whether he is guilty of the charged crime, the jury will decide that it may still find him guilty, because he is a long-time supporter of terror attacks on Western civilians. *See, e.g., United States v. Harris*, No. S1 92 Cr. 455 (CSH), 1992 WL 373473 (S.D.N.Y. Dec. 2, 1992) (excluding evidence that firm being prosecuted for illegal oil trading scheme was known for being "a highly leveraged company which engaged in aggressive speculative oil trading"); *United States v. Garcia*, 291 F.3d 127, 138 (2d Cir. 2002) (vacating conviction where evidence of previous cocaine conviction had been introduced; although both drug transactions involved cocaine, prejudicial effect on jury of criminal history outweighed any marginal probative value of prior conviction).

Third, the 2015 Note cannot be considered a non-hearsay admission by Mr. At Taqi under FRE 801(d)(2) because the government has not proven that the 2015 Note was written by Mr. At Taqi. Further, because the government will seek to admit the 2015 Note for the truth of its contents – that Mr. At Taqi's purportedly intended to travel to the Middle East and join ISIS in 2015 – it constitutes inadmissible hearsay and may not be admitted into evidence. *See* FRE 801(c), 802. In this regard, the government bears the burden of proving an applicable hearsay exception, and it

---

[1] The government may contend any unfair prejudice can be tempered by a limiting instruction. The government is wrong. Any such instruction will not cure the prejudice Mr. At Taqi will suffer if this evidence is introduced at trial. Rather, it will increase the prejudice by focusing the jury on the 2015 Note and the government's improper speculation regarding Mr. At Taqi's supposed approval of the Paris attacks.

Hon. Eric N. Vitaliano
Judge, United States District Court
 for the Eastern District of New York

Page 3 of 6
United States v. Abdullah At Taqi
August 24, 2025

has not done so here.  *See, e.g., Idaho v. Wright*, 497 U.S. 805, 816 (1990) (prosecution has burden of demonstrating that hearsay exception applicable); *U.S. v. Katsougrakis*, 715 F.2d 769, 775 (2d Cir. 1983) (movant must prove by preponderance of evidence that proffered evidence falls within an exception to hearsay rule).

For each of these three independent reasons, the 2015 Note should be excluded from trial.

## B. The Social Media Messaging Between CHS-1 and Facilitator-1 Should Be Excluded from Trial as Irrelevant Hearsay

In social media posts and communications with Mr. At Taqi, Facilitator-1 said he/she was collecting money to support refugees. Indeed, the government will be unable to provide evidence of any communication between Mr. At Taqi and Facilitator-1 in which the two discuss providing funds to ISIS, rather than financial support for refugees. Accordingly, in an improper attempt to prove intent, the government will try to rely on messages between its confidential human source, CHS-1, and Facilitator-1 in which the two squarely discuss providing support to ISIS. Mr. At Taqi never saw those messages, and those messages should be excluded from trial.

First, because Mr. At Taqi was not a participant in the messages between CHS-1 and Facillitator-1, *and never saw those messages*, they are irrelevant to proving Mr. At Taqi's intent to support ISIS and should be excluded on that basis alone. Admitting those messages will confuse and mislead the jury regarding intent, and would risk the jury convicting Mr. At Taqi's because of activity and statements in which he did not participate. *See, e.g.,* ECF Doc. No. 107 (stating that "Hashimi, Yousuf, Facilitator-1, and others were members of a group chat … on an encrypted social media platform which facilitated communication between ISIS supporters").

Second, the government has the burden of proving the admissibility of these messages. In this regard, we anticipate that the messages should not be considered hearsay under FRE 810(d)(2)(E) (stating that out-of-court statements made by co-conspirators are not hearsay). Under Rule 801(d)(2)(E), "a district court may admit an out-of-court declaration that would otherwise be hearsay if it finds 'by a preponderance of the evidence (a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy.'" *United States v. Coppola*, 671 F.3d 220, 226 (2d Cir. 2012) (quoting *United States v. Farhane*, 634 F.3d 127, 161 (2d Cir. 2011)). Here of course, there can be no conspiracy amongst Facilitator-1, CHS-1 and At Taqi where Facilitator-1 and Mr. At Taqi discussed only legal activity – providing aid to refugees – and Mr. At Taqi did not participate in the messages where Facilitator-1 and CHS-1 purportedly discussed ISIS. Rule 801(d)(2)(E) expressly limits admissibility to those statements "during and in furtherance of" specific criminal conspiracies. The mere existence of an organized crime group (or an FTO) is not enough. *See, e.g., United States v. Gigante*, 166 F.3d 75, 82-83 (2d Cir. 1999). Further, because CHS-1 was a government agent, no conspiracy could exist between him and Facilitator-1 without other participants. *See, e.g., United States v. Goldberg,* 756 F.2d 949, 958 (2d Cir.1985).

With those statements being hearsay, they cannot be admitted unless they fall within some recognized exception to the hearsay rule. *See, e.g., United States v. Amirov*, S8 22 Cr. 438 (CM), 2025 U.S. Dist. LEXIS 36460, *31-34 (S.D.N.Y. Feb. 28, 2025). Here, the government has neither

identified what exception it contends applies, nor met its burden of proof on the issue. *See Wright*, 497 U.S. at 816); *Katsougrakis*, 715 F.2d at 775.

### C. Any Evidence of the Route of the Funds After Receipt by Facilitator-1 Should Be Excluded from Trial as Irrelevant

Defendants are charged only with conspiring and attempting to provide money to ISIS, not with any substantive count. Therefore, the government is not required to prove that any of the money collected by Facilitator-1 was used to support ISIS, and any evidence of the route of the funds provided to Facilitator-1 by Mr. At Taqi or Mr. Hashimi is irrelevant and should not be admitted into evidence at trial. *See* Rule 401(b) (requiring that a fact be "of consequence in determining the action" for it to be relevant).

### D. The Court Should Require the Government to Disclose Those Portions of Any Post-Arrest Statements They Intend to Use at Trial

The government has not yet identified the specific portions or portions of any post-arrest statements made by Mr. At Taqi or any of the other defendants that the government intends to use at trial. The government should be ordered to do so immediately.

Until the government identifies the specific statements it intends to use, neither the defendants nor the Court can properly determine the admissibility of any of the proffered statements. In addition to hearsay concerns, other reasons potentially exist to exclude those statements, including those reasons set forth in FRE 403, 608, or 611. Equally, it appears the government may proffer selected portions of statements, while seeking to preclude other portions of the same statement or related statements, to limit the jury's consideration to just those snippets the government prefers. Any such stratagem would be inappropriate. In *United States v. Williams*, 930 F.3d 44 (2d Cir. 2019), for example, the Second Circuit squarely rejected as "incorrect" attempts by the government to cherry-pick portions of a statement, while precluding the rest:

> With respect to the government's suggestion that evidence proffered under the rule of completeness may be excluded whenever not independently admissible due to the hearsay rule, this is simply not correct. ... [W]hen the omitted portion of a statement is properly introduced to correct a misleading impression or place in context that portion already admitted, it is for this very reason admissible for a valid, non hearsay purpose: to explain and ensure the fair understanding of the evidence that has already been introduced. As we have said before, "even though a statement may be hearsay," it nevertheless "must be placed in evidence if necessary to explain the admitted portion [of this statement], to place the admitted portion in context, to avoid misleading the jury, or to ensure the fair and impartial understanding of the admitted portion." Indeed, the doctrine "can adequately fulfill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously."

930 F.3d at 60; *see also* Fed. R. Ev. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any

Hon. Eric N. Vitaliano
Judge, United States District Court
for the Eastern District of New York

Page 5 of 6
United States v. Abdullah At Taqi
August 24, 2025

other writing or recorded statement — that in fairness ought to be considered at the same time").

Only when the government identifies a specific statement it intends to publish to the jury at trial will defense counsel be able to object on specific grounds, and the Court deny or sustain that objection and decide whether to admit the statement at trial. Accordingly, the Court should order the government immediately to identify any post-arrest statements they intend to use at trial.

### E. Any Evidence of Bitcoin Payment from Mr. At Taqi's Wallet to Hashimi's Wallet Should Be Excluded from Trial as Irrelevant and Unduly Prejudicial

At trial, the government will likely seek to introduce evidence that "[o]n July 13, 2020, At Taqi sent approximately 0.02152844 BTC (at the time, valued at approximately $200) to a BTC wallet address controlled by Hashimi." *See* Govt. Memorandum of Law in Opposition to Defendants' Motions for Severance [ECF Doc. No. 107] at 5. However, the government concedes that Hashimi "took steps to obfuscate his connection to his social media accounts" and "registered many of his social media accounts with false names and provided misleading contact information." *Id.* at 7.

This alleged July 13, 2020 BTC payment from Mr. At Taqi to a wallet controlled by Hashimi (the "July 2020 Payment") was one of the transactions that Hashimi engineered by false pretenses. Specifically, the July 2020 Payment was preceded by Telegram messages in which someone with the username "Maqsad Sadaqah" (presumably Hashimi operating under a false name and identity) solicited Mr. At Taqi for donations *for refugees*. Thus, as to Mr. At Taqi, these messages prove only that he sent about $200 to someone named "Maqsad Sadaqah" to help refugees.

First, because Hashimi misrepresented his identity and the purpose of the funds solicited from Mr. At Taqi, this July 2020 Payment cannot establish Mr. At Taqi intended to send funds to Hashimi or to ISIS. This evidence therefore cannot prove Mr. At Taqi conspired with Hashimi or intended to provide material support to ISIS. If anything, Hashimi's use of a false identity and purpose in soliciting funds from At Taqi shows they were not conspiring with each other to fund ISIS. Thus, the government should not be permitted to introduce this evidence in its case-in-chief. *See* FRE 401 (evidence only relevant if it "has any tendency to make a [material] fact more or less probable than it would be without the evidence").

Second, the evidence of the July 2020 Payment should be excluded because it fails FRE 403's balancing test. See FRE 403 (providing that the Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury."). Here, the government will perforce have to present the July 2020 Payment as evidence that Hashimi and Mr. At Taqi knowingly worked together to fund ISIS. Thus, the likelihood that the jury will become confused or misled far outweighs any purported relevancy. The July 2020 Payment should be excluded from trial for this additional, independent reason.

### F. Mr. At Taqi's Political Statements Should Be Excluded from the Evidence at Trial Because They Are Protected by the First Amendment

In *Holder v. Humanitarian Law Project*, the United States Supreme Court held that §

Hon. Eric N. Vitaliano
Judge, United States District Court
 for the Eastern District of New York

Page 6 of 6
United States v. Abdullah At Taqi
August 24, 2025

2339B, as applied to the facts of that case, did not constitute an abridgement of the First Amendment's right to free speech. 561 U.S. 1, 39 (2010). The Supreme Court, however, carefully limited its decision to the facts of that case. *Id.* ("All this is not to say that any future applications of the material-support statute to speech or advocacy will survive First Amendment scrutiny.") Moreover, the Supreme Court rejected the government's argument that courts should apply an "intermediate scrutiny" level of review. *Id.* at 26 (citing *United States v. O'Brien*, 391 U.S. 367 (1968)). The Supreme Court explained that, because § 2339B "regulated speech on the basis of content" the "more rigorous scrutiny" applied in such cases as *Cohen v. California*, 403 U.S. 15 (1971) applied. *Humanitarian Law Project*, 561 U.S. at 26-28. Accordingly, whether speech is protected under the First Amendment or proscribed under § 2339B depends on what they [the defendants] say." *Id.* at 27.

Here, the government intends to introduce statements made by Mr. At Taqi. Among them are statements that defense counsel will likely contend comprise purely political statements that do not provide material support to ISIS. Pursuant to *Humanitarian Law Project*, the Court must analyze each such statement under the strict scrutiny standard of *Cohen – viz*, that, however controversial, provocative, foolish or immoderate, Mr. At Taqi has a right to espouse his political beliefs. *See Cohen*, 403 U.S. at 25-26.

## CONCLUSION

For each of the foregoing reasons, the Court should grant Mr. At Taqi's motions in limine in their entirety, and grant Mr. At Taqi such other and further relief as the Court deems just.

Respectfully submitted,

_____/s/_____
MICHAEL K. SCHNEIDER
Federal Defenders of NY, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, N.Y. 11201
(718) 330-1161

_____/s/_____
SABRINA P. SHROFF
80 Broad Street, 19th Floor
New York, NY 10004
(646) 763-1490

*Attorneys for Mr. Abdullah At Taqi*

cc:    Clerk of the Court (by ECF)
       AUSA Nina C. Gupta (by ECF and email)
       AUSA Gilbert M. Rein (by ECF and email)
       AUSA Ellen H. Sise (by ECF and email)
       Mr. Cesar De Castro (by ECF and email)